WHITE v. THE C., R. I. & P. R. Co. ET AL.

1. **Public Lands :** ENTRY: BURDEN OF PROOF. W. claimed to have entered by an agent a tract of land situated in township eighty, and the regis-ter's certificate corresponded with his claim, while the records of the land office, in the absence of the original entries which had been des-troyed, showed that his entry was in township eighty-one: *Held*, that in an action by W. to quiet his title to the tract in township eighty-one, the burden was upon him to show that the original entry was as he claimed, and failing in this that he was not entitled to the relief asked.

*Appeal from Pottawattamie District Court.*

TUESDAY, JUNE 12.

MILES WHITE commenced this action for the purpose of quieting his title to the S. W. ¼ of the N. E. ¼ of section 18,

township No. 80, range 41. Miles White having deceased pending the action, it was continued by plaintiff, the son, sole heir and executor of the last will of Miles White. Plaintiff claims that Miles White entered the land in controversy, at the Government Land Office in Council Bluffs, on the 23d day of March, 1858. The Chicago, Rock Island & Pacific Railroad Company alleges that it derived title to the land in controversy by virtue of a grant from the General Government, under an act of Congress, approved June 2, 1864, and that it conveyed to Charles Kups. The defendant, James Collins, claims the land under a conveyance from Charles Kups. The court dismissed plaintiff's petition. Plaintiff appeals.

*Sapp & Lyman*, for the appellant.

*Wright & Mayne*, for the appellee.

DAY, CH. J.—The plaintiff introduced J. P. Cassady, who testified that on the 23d day of March, 1858, he made application at the Council Bluffs Land Office to enter for Miles White the S. W. ¼ of the N. E. ¼ of section 18, township 80, range 41, paid for it and received the certificate of O. H. Palmer, the receiver of said office, therefor. This witness identified the receiver's certificate, No. 12,315, which was executed at the time the application to enter was made, and which described the land in controversy. The deposition of Miles White was taken before his death. He testified that he entered the land described in the petition and received therefor the certificate introduced in connection with the testimony of J. P. Cassady; that he never knew there was any trouble about the land until he was informed by his agent that the railroad company claimed it, and that he then applied for a patent, that the commissioner refused to give him a patent for the land he entered, but proposed to give him a patent for the corresponding description of land in township 81. It was further proved that in 1867 the office of the Government Land Office at Council Bluffs was burned and many of the papers were destroyed, when the office

was discontinued and the records which had not been destroyed, including original applications for entry of land, were removed to the Government Land Office at Des Moines, and that after diligent search in said office cash application No. 12,315, made by Miles White at the Council Bluffs office, could not be found, and that said paper was not in said office.

The plaintiff further proved that Miles White paid taxes upon the land in controversy for the years 1869 and 1875, and all intermediate years except 1871.

The defendants introduced a certified copy of papers on file in the United States Land Office at Washington, as follows:

"1.  A receipt which is an exact duplicate of the one introduced by plaintiff, except that the land is described as being situated in Township No. 81, north, instead of township No. 80, north.

"2.  A duplicate certificate of James Pollard, register of the land office at Council Bluffs, No. 12,315, dated March 23, 1858, to Miles White, for the same land described in said duplicate receipt.

"3.  An abstract showing that the land in controversy in this suit was certified to the defendant, Chicago, Rock Island & Pacific Railroad Company, June 20, 1870, under the act of Congress of June 2, 1864.

"4.  A patent to Miles White for the land described in said duplicate receipt and certificate."

Defendants further introduced a certified copy of the book of original entries of Harrison county, showing that Miles White, on the twenty-eighth of March, 1858, entered the S. W. ¼ of the N. E. ¼ of section No. 18, township No. 81, range 41.  Defendants also introduced the certification of the land in controversy to the Chicago, Rock Island & Pacific Railroad Company, under the act of June 2, 1864.  It was further proved that the railroad company conveyed its title to Charles Kups; that he conveyed to the defendant, Collins, and that Collins paid taxes upon the land in controversy from the years 1871 to 1875, both inclusive.

The defendants also introduced the following letters to Miles White, from the commissioner of the general land office:

"Sir: In reply to your letter of the 18th instant, I have to inform you that the papers in this office describe the land entered by you, and numbered in the patent on Council Bluffs cash entry No. 12,315, as the S. W. ¼ of N. E. ¼ of section 18, township 81, range 41, west. Said patent having been made in accordance with the said papers. I have no power to cancel it and issue a new patent for the land described by you."

"Sir: I am in receipt of letter from the register and receiver of the U. S. Land Office, at Council Bluffs, Iowa, under date of the 13th inst., in which they state that their books and plats show that you entered the S. W. ¼ of section 18, township 81, range 41, west, Iowa, per cash certificate No. 12,315, March 23, 1858, which agrees with the certificate and receipt on file in this office, and that your original application cannot be found, having probably been burned in the fire that destroyed the office some years since. The S. W. ¼ of N. E. ¼ of 18, 80, 41, was selected by the Chicago, Rock Island & Pacific Railroad, under act of June 2, 1864, and approved June 20, 1870. This office has, therefore, no further jurisdiction in the matter." Some further testimony was introduced, which, in the view we take of the case, we deem it unnecessary to notice.

The real question is, did Miles White enter the land in controversy, in township 80, or land of corresponding description in township 81?

The plaintiff is seeking affirmative relief and the burden is upon him to show that the entry was as is claimed in the petition. Every record in the land office, and everything issuing from the land offices, shows the entry to be in township 81, except the receiver's certificate. Miles White testifies that he entered land in township 80; but the entry was made by J. P. Cassady, and it is very apparent that Miles White personally knows nothing about it. J. P. Cassady testifies that he was engaged in entering land for different parties at Council Bluffs, and that in

1. PUBLIC lands: entry: burden of proof.

1858 he made application to enter for Miles White the land in controversy. He does not state any special circumstance which causes him to remember that he made application to enter this particular tract, and without such circumstance it is not at all credible that a witness, engaged generally in entering land for other parties, could remember what particular tract he made application to enter eighteen years ago. It is evident that Cassady must have based his testimony upon the fact that the land in controversy is described in the receiver's receipt.

Practically, the whole case depends upon the records in the land offices, and the receiver's receipt. We feel constrained to hold that the plaintiff has not satisfactorily shown that the land entered by Miles White was in section 80. The judgment of the court below is

AFFIRMED.